## HARRY E. GRAY v. SUSIE GRAY.

Appeal dismissed. November 26, 1927.

No petition for Certiorari was filed.

1. **Divorce. Suit for divorce can not be brought on the pauper's oath.**
   It is well settled in Tennessee that a party can not bring a suit for divorce on the pauper's oath.

2. **Appeal and error. Divorce. One can not prosecute an appeal from a decree of divorce on the pauper's oath.**
   Under the statute, one can not bring a suit for divorce on the pauper's oath, nor can he appeal from the decree against him on such a suit on the pauper's oath.

Appeal in Error from Circuit Court, Shelby County; Hon. A. B. Pittman, Judge.

Dismissed.

Harsh & Harsh, for plaintiff in error.

L. H. Graves, for defendant in error.

OWEN, J. Susie Gray obtained a divorce from Harry E. Gray from bed and board, also possession of the home and a small attorney's fee. Gray excepted, prayed and was granted an appeal to this court and was permitted to appeal by executing the paupers oath in lieu of an appeal bond. The plaintiff below has moved to dismiss this appeal for the reason that the same is prosecuted on the paupers oath.

We are of opinion that this motion should be sustained. In the case of Vera S. Anderson v. James C. Anderson, 3 Higgins, 423, it was held that a man could not bring suit for divorce on the paupers oath, nor could he appeal from a decree against him in such a suit on the paupers oath. The Supreme Court, in affirming said case, in MS opinion filed at Nashville, Tennessee, February 7, 1912, said: "It was improper for the Chancellor to allow an appeal on the pauper's oath by Mr. Anderson in this case. Under the statute he could not have brought a suit for divorce on the pauper's oath, nor could he appeal from the decree against him in such a suit on the pauper's oath."

It appears no exception was taken to the pauper's oath in the case of Anderson v. Anderson, supra, and that the successful party had waived this irregularity by taking no steps with regard thereto. However, in the instant case the successful party has taken excep-

tion to the appeal being prosecuted on the paupers oath, a timely exception, and one that we are constrained to sustain.

It results that the appeal of Harry E. Gray is dismissed, and he will pay the cost of the cause, for which execution will issue.

Heiskell and Senter, JJ., concur.